■ JOHN HORN, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 50378.) — Appeal from a judgment, entered December 12, 1972, upon a decision of the Court of Claims which awarded property damages for the State's negligent destruction of claimant's house. On a prior appeal we reversed a judgment in favor of claimant and ordered a new trial on the ground that there was no proper foundation for the award (38 A D 2d 766). The essential facts are set forth at length in the memorandum decision upon that appeal and will not be repeated. We held there that claimant's damages should not be limited to the $125 purchase price paid by claimant as the sale to claimant did not constitute an arm's length transaction. On this appeal the State also urges that the contract of sale with claimant effectively limits the State's liability to the contract price in the following language, " The State shall not be liable for any damages arising out of its failure to give possession to the successful bidder at any specific time." Since claimant had possession of the building before it was destroyed, this clause does not apply. Nor do we find that claimant assumed the risk of the building's negligent destruction by the State due to the clause in the contract providing that the bidder would " assume upon the delivery of said contract, the risk of damages to said building  *  *  *  from any cause and also liability for all damages arising out of the occupancy, use and destruction during the removal by him of said building  *  *  *  and agrees to hold the State harmless therefrom ". The only reasonable interpretation of this provision is that the successful bidder assumed, not the risk of damage to the building from any cause whatsoever, but the risk of damage from any cause

arising out of the occupancy, use and destruction of the building during removal caused by others. Where, as here, the State, through the negligence of its own agents and employees caused such damage, claimant should not be denied the benefit of his bargain by such an unreasonable interpretation of the contract as contended by the State. Finally, the State challenges claimant's evidence as to the value of the building, claiming there was no support for the opinion of claimant's expert. As we specifically noted in our prior decision, this is not an appropriation case (38 A D 2d 766, 767). On review of the present record we determine that the testimony of claimant's real estate appraiser was legally sufficient to support the award. (*Mullen* v. *Jacobs*, 58 Misc 2d 64, mod. *sub. nom. Mullen* v. *Sinclair Refining Co.*, 32 A D 2d 1000.) He testified to his experience and training in the area; his familiarity with the structure being appraised, having last observed it shortly before its destruction; the methods of appraisal he employed; his prior experience with having appraised a dwelling detached from its foundation; and the condition of the house after claimant purchased it and prior to its demolition by way of a hypothetical question which was based on facts in evidence. As for the technical basis of his opinion, it was incumbent upon the State to elicit that on cross-examination. (CPLR 4515; *Tarlowe* v. *Metropolitan Ski Slopes*, 28 N Y 2d 410, 414.) Judgment affirmed, with costs, Staley, Jr., J. P., Cooke, Sweeney and Kane, JJ., concur; Reynolds, J., dissents and votes to reverse in the following memorandum. Reynolds, J. (dissenting) : I dissent and vote to reverse and remit for further testimony on the question of damages. The result in this case is a gross injustice to the taxpayers of the State of New York. The amount awarded is unconscionable.